# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| DALE PATE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1309V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.
*Darryl R. Wishard*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 14, 2022, Dale Pate ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 173). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$114,916.81.**

### I.    Procedural History

On November 3, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barré syndrome and/or chronic inflammatory demyelinating polyneuropathy after receiving an influenza vaccination on

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

December 10, 2012. *See* Petition (ECF No. 1). On November 9, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on November 10, 2021. (ECF No. 164).

On April 14, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation in the total amount of $119,816.58, representing $97,995.55 in attorneys' fees and $21,821.03 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of this claim. *Id.* at 2. Respondent reacted to the fees motion on April 15, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 174). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.     **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.     **Attorneys' Fees**

Petitioner request the following rates for the work of his counsel: for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, $489.00 per hour for work performed in 2021, and $504.00 per hour for work performed in 2022; for Mr. Clifford Shoemaker, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; and for student attorneys, rates ranging from $145.00 to $150.00 per hour. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein for work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be largely reasonable. However, several items necessitate a small overall reduction. First, many of Mr. Shoemaker's billing entries for communication (such as phone calls

and e-mails to the client and other parties) are vague because they do not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. *Oliver v. Sec'y of Health & Human Servs.,* No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); *Price v. Sec'y of Health & Human Servs.,* No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); *Prokopeas v. Sec'y of Health & Human Servs.,* No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017).

Second, the amount of overall hours billed on the matter by student attorneys is high. This is understandable as they do not have the same level of experience as typical attorneys in the Vaccine Program and therefore take longer to do research and writing. This inefficiency is somewhat offset by the low hourly rate their work is billed at. However, there is still an excessive amount of communication between the student attorneys and Ms. Gentry/Mr. Shoemaker related to the teaching function of guiding inexperienced students. As other special masters have noted, although the clinic provides a hands-on experience with supervision from knowledgeable attorneys, "the attorneys should not bill this teaching function to the Vaccine Program." *Grant v. Sec'y of Health & Human Servs.,* No. 17-1816V, 2019 WL 6588294, at *9 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). This issue has previously been noted several times in other cases involving the GWU Vaccine Clinic. *See, e.g., Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017); *Boylston v. Sec'y of Health & Human Servs.*, No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016).

In light of these issues, I find that a five percent overall reduction to the requested attorneys' fees appropriate in order to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). This results in a reduction of $4,899.77. Petitioner is therefore awarded final attorneys' fees of $93,095.78.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Pereira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $21,821.03, representing acquisition of medical records, postage, and work performed by Petitioner's medical expert, Dr. Carlo Tornatore, who prepared two expert reports and testified at the entitlement hearing. I have reviewed the submitted invoices and they all appear reasonable for the work performed and submitted into the record. For the remainder of the costs, Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $97,995.55 |
| (Reduction of Fees) | - ($4,899.77) |
| **Total Attorneys' Fees Awarded** | **$93,095.78** |
| | |
| Attorneys' Costs Requested | $21,821.03 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$21,821.03** |
| | |
| **Total Attorneys' Fees and Costs** | **$114,916.81** |

Accordingly, I award a lump sum in the amount of **$114,916.81, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and his attorney, Ms. Renee Gentry.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).